NEBRASKA SAVINGS & EXCHANGE BANK ET AL. V. SAR-
DIUS C. BREWSTER, EXECUTOR.

FILED JANUARY 3, 1900.   No. 10,829.

1. **Law of the Case:** FORMER APPEAL. The points of law decided on
   a former appeal ordinarily can not be reviewed on a subsequent
   appeal.

2. **Sufficiency of Evidence.** The finding of a jury on a question of
   fact will not be disturbed on review, when sustained by suf-
   ficient evidence.

3. **Instructions:** ISSUES. It is not reversible error to refuse an in-
   struction upon a point not involved in a case, or, if in issue, it
   has been fully and fairly covered by the instructions given.

4. **Misconduct of Counsel:** REVIEW. Argument of counsel based on
   matters not in evidence will not be reviewed if made in reply to
   similar argument of adverse counsel.

ERROR from the district court of Douglas county.
Tried below before DICKINSON, J. *Affirmed.*

*Silas Cobb* and *E. M. Bartlett,* for plaintiffs in error.

*James H. McIntosh, contra.*

NORVAL, J.

This cause was before us at a former term. See *Gay-
lord v. Nebraska Savings & Exchange Bank,* 54 Nebr., 104.
The action was instituted by Mary W. Gaylord to re-
cover the value of a certain promissory note alleged to
have been converted by the bank. For a full statement
of the facts reference is made to the former opinion filed
herein. The last trial in the district court resulted in a
verdict and judgment against the defendant. Subse-
quently the plaintiff died, and the cause has been re-
vived in the name of her executor.

The note in question was payable to Mary W. Gaylord,
and when received by the bank bore this indorsement:
"Pay to the order of Mary W. Gaylord." On the former
hearing it was determined that this did not constitute

a general indorsement of the paper, nor such an indorse-
ment as would transfer the legal title by a mere delivery
of the note. This doctrine is criticised in the brief of
counsel for the bank. This point not only received care-
ful consideration by this court prior to the announce-
ment of its former opinion, but was investigated anew,
and adhered to, on petition for rehearing, and must now
be regarded as the settled law of the case.

It is insisted by the same counsel that the plaintiff is
estopped from asserting any rights to the note against
the bank by reason of the indorsement of the paper and
sending it to her son. There is more than one ready an-
swer to this contention. The issue of estoppel, and the
evidence adduced bearing thereon were submitted to the
jury under instructions as favorable as the bank had the
right to demand, and the jury, upon ample evidence,
found that issue in favor of plaintiff, which finding is
conclusive on reveiw.

The note and the assignment of the mortgage given to
secure the same disclosed that the note and mortgage be-
longed to Mrs. Gaylord. The officers of the bank, as
shown by their own testimony, were aware when they
made the loan to Mrs. Gaylord that the assignment con-
tained the name of no person as assignee; hence they
were bound to know that she had not parted with her
title to the note and mortgage. We passed upon a similar
question in *Folsom v. McCague,* 29 Nebr., 124. There cer-
tain land contracts were signed by the owner in blank, the
name of the assignee being omitted, and sent to a party
in Omaha to be exchanged for city property; who pledged
them as collateral security; and it was urged therein that
the owner was estopped from asserting title to the con-
tracts. In the opinion in that case it was said: "The
principle of estoppel is often applied in cases where the
owner of property clothes another with the apparent
right of ownership or absolute disposition, and such per-
son sells or pledges the property to an innocent third
person. We do not see how this principle can be in-

voked in the case at bar. Had Crew's name been inserted
in the assignments as assignee then the doctrine con-
tended for would apply. These assignments in blank
did not hold out Crew as the apparent owner. They in
no manner indicated any ownership in him. To make a
valid assignment of these contracts, it was as necessary
to have an assignee as it was to have the signature of the
assignor. Until some one's name was filled in these
blanks as assignee the appellees appeared to be and were
the real owners. It is not claimed that any name had
ever been inserted therein as assignee. Had Crew in-
serted in the blanks his own name as assignee before pre-
senting them to the bank, then there might be some
ground for urging an estoppel against plaintiffs." Para-
phrasing the above, until the name of an assignee was
inserted in the indorsement on the note or the assign-
ment of the mortgage, Mrs. Gaylord appeared to be the
real owner of the papers. Had the firm name of Muir &
Gaylord been inserted as assignee in the assignment or
indorsement there would be some ground on which to
base an estoppel. Neither the indorsement of the note
nor the blank assignment of the mortgage indicated that
Mrs. Gaylord had parted with the title, and the bank, at
its peril, made the loan to Muir & Gaylord, accepting the
note and mortgages as collateral security. There was
not anything done or omitted by Mrs. Gaylord, after she
ascertained that the note and mortgage had been pledged
as security, which induced the bank to change or alter
its previous condition so as to entitle it to invoke an es-
toppel against her. The law relative to estoppel, as ap-
plicable to the case, was clearly and accurately stated in
the charge of the court to the jury; and the instructions
tendered on behalf of the bank were properly refused,
because, in so far as they contained correct statements
of the law, they had been covered by instructions given.

Paragraphs 4, 5, 6, 7 and 8 of the charge of the court
are assailed. These instructions followed the former
opinion in this case, which is conceded by counsel for

bank; therefore the assignments of error predicated on said instructions will be overruled without further comment.

The court refused to give certain instructions tendered by the bank relative to a special agency. No such question was in the case. The bank did not receive the note from the firm of Muir & Gaylord, as agent of Mrs. Gaylord, but as absolute owner of the paper.

It is finally argued that there was misconduct on the part of the attorney for plaintiff while making his closing argument to the jury. The alleged misconduct consisted in his commenting on matters not embraced in the record. The bill of exceptions reveals the fact that counsel for the bank was the first offender in that respect, and that the remarks of plaintiff's attorney, of which complaint is made, were in reply thereto; and hence defendant can not be heard to complain. See *Stratton v. Dole,* 45 Nebr., 473. The judgment is

AFFIRMED.